DRINKER BIDDLE & REATH LLP
Matthew J. Fedor
Robert J. Mancuso
Diego J. Rosado
600 Campus Drive
Florham Park, NJ 07932-1047
(973) 549-7000 (phone)
*Attorneys for Defendant*
*United States Warranty Corp.*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MICHAEL POLICASTRO, and all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>UNITED STATES WARRANTY CORPORATION; ABC CORPORATIONS 1-10; JOHN DOES 1–10,<br><br>   Defendant. | CIVIL ACTION NO.<br><br>Hon.<br><br>**NOTICE OF REMOVAL**<br><br>(Document Electronically Filed) |

  **TO**: Chief Judge, Judges, and Clerk of the United States District Court for the District of New Jersey;

  **FROM**: United States Warranty Corporation, 22 Northeast 22nd Ave, Pompano Beach, FL 33062, by and through its attorneys of record, Drinker Biddle & Reath LLP;

  **ON NOTICE TO**:

  Plaintiff Michael Policastro, by and through his attorneys of record:

  Barry J. Gainey, Esq.
  Gainey McKenna & Egleston
  95 Route 17 South, Ste. 310
  Paramus, NJ 07652

- and-

  Clerk, Superior Court of New Jersey,

Law Division, Bergen County
Bergen County Justice Center
10 Main Street
Hackensack, NJ 07601

**PLEASE TAKE NOTICE** that Defendant United States Warranty Corp. ("USWC"), hereby removes this action from the Superior Court of New Jersey, Law Division, Bergen County to the United States District Court for the District of New Jersey. In support of removal, Defendant states as follows:

1.  The state court action is removable to this Court, and this Court has jurisdiction over this civil action, under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, as well as 28 U.S.C. §§ 1441(a) and 1453, because this is a putative class action involving more than 100 putative class members, the aggregate amount in controversy, excluding interest and costs, exceeds $5,000,000, and there is minimal diversity.

I.  **PLEADINGS AND PROCESS**

2.  On or about October 14, 2019, Plaintiff Michael Policastro ("Plaintiff") commenced this putative class action, filing his Class Action Complaint and Jury Demand ("Complaint") in the Superior Court of New Jersey, Law Division, Bergen County, captioned *Michael Policastro v. United States Warranty Co.*, Case No. BER L -007163 19 (the "Action"). True and correct copies of all process, pleadings, and orders filed in this Action and/or served on USWC are attached hereto as Exhibit 1 to this Notice of Removal.

3.  The Complaint asserts causes of action on behalf of Plaintiff himself and a putative class against USWC for alleged violations of the New Jersey Consumer Fraud Act ("CFA") (Count One); breach of contract (Count Two) and of the covenant of good faith and fair dealing (Count Three); violations of the New Jersey Service Contract Act (Count Four) and the New Jersey Truth-in-Consumer Contract, Warranty and Notice Act ("TCCWNA") (Count Five);

2

intentional misrepresentation and/or fraud (Count Six); unjust enrichment (Count Ten); negligence (Count Eleven); and misappropriation of funds (Count Twelve).[1]

4.  USWC was first served with the Summons and Complaint on October 21, 2019. *See* Exhibit 1 hereto (Affidavit of Service).

5.  Because Bergen County, New Jersey is located within the District of New Jersey, this Notice of Removal is properly filed in this Court pursuant to 28 U.S.C. §§ 101, 1441, and 1446.[2]

## II.  CITIZENSHIP OF THE PARTIES

6.  As alleged, Plaintiff is, and was at the time the Complaint was filed, domiciled in and a citizen of the State of New Jersey and a resident of Bergen County. *See* Complaint ¶ 20.

7.  USWC is and was at the time the Complaint was filed, a corporation with its principal place of business in Florida. Declaration of Ron Garlet, Jr. ("Garlet Decl.") ¶ 2 (attached hereto as Exhibit 2). Pursuant to 28 U.S.C. § 1332(d)(2), USWC is not now, and was not at the time of the filing of the Complaint, a citizen of the State of New Jersey.

8.  The Complaint also names a number of fictitious parties, but "[f]or the purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).

## III.  THIS COURT HAS JURISDICTION OVER THIS ACTION UNDER CAFA

9.  Defendant USWC offers Road Hazard Protection Agreements through automobile dealerships. Complaint ¶¶ 1-2. One of the automobile dealerships through which USWC offers these contracts is Jack Daniels Audi Upper Saddle River ("Jack Daniels Audi") located in Upper Saddle River, New Jersey. Complaint ¶¶ 1, 25. The gravamen of Plaintiff's

---

[1] The Complaint does not contain Count Seven, Count Eight or Count Nine.
[2] While filing this Notice of Removal, USWC does not waive and specifically preserves any and all other defenses applicable to the claims of Plaintiff and the putative class members.

3

Complaint is that USWC breached the contracts and imposed improper limits on coverage. *See generally* Complaint ¶¶ 9-14

Plaintiff expressly defines the putative class as "New Jersey consumers who (1) entered into a Service Contract Agreement entitled 'Road Hazard Protection Agreement' with [USWC] and (2) entered into those Service Contract Agreements while they were purchasing a vehicle through [Jack Daniels Audi]." Complaint ¶ 142.

10.   CAFA expanded federal jurisdiction over class actions and expressly provides that class actions filed in state court are removable to federal court where: (a) the putative class contains at least 100 class members; (b) any member of the putative class is a citizen of a state different from that of any defendant; and (c) the aggregate amount in controversy for the putative class exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d); *accord DeFillippo v. Whirlpool Corp.*, No. 18-cv-12523, 2019 WL 4127162, at *3 (D.N.J., Aug. 30, 2019).

11.   As discussed below, this action satisfies CAFA's requirements for federal jurisdiction. In addition, none of the exceptions to CAFA jurisdiction apply here. 28 U.S.C. § 1332(d).

   **A.   The Putative Class Exceeds 100 Members.**

12.   CAFA's first requirement is that the putative class consist of at least 100 persons. 28 U.S.C. § 1332(d)(5)(B). Here, Plaintiff alleges that the class consists of "thousands of persons." Complaint ¶ 143. Additionally, more than 1,400 Road Hazard Protection Agreements with USWC were issued through Jack Daniels Audi since 2015. Garlet Decl. ¶ 4. Thus, the requirement of 28 U.S.C. § 1332(d)(5)(B) is satisfied.

   **B.   Minimal Diversity Exists.**

13.     The second CAFA requirement is minimal diversity—at least one putative class member and at least one defendant must be citizens of different states.  28 U.S.C. § 1332(d)(2)(A).  The minimal diversity requirement is satisfied here because, as pled above, Plaintiff is a citizen of New Jersey and USWC is a citizen of Florida.  28 U.S.C. § 1332(d)(2).

### C.     The CAFA Amount-in-Controversy Requirement is Satisfied.

14.     CAFA's third and final requirement is that that the aggregate amount in controversy exceeds $5 million for the entire putative class, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2); 1332(d)(6).

15.     To determine the amount in controversy, a district court must aggregate "the claims of individual class members." § 1332(d)(6).  The ultimate inquiry is what amount is put in controversy by the plaintiff's complaint, not what the plaintiff will actually be awarded.  Importantly, by removing this Action, USWC does not have to concede liability, let alone liability of greater than $5 million.  USWC denies liability, denies that Plaintiff is entitled to any relief, and denies that a class can be properly certified in this matter.

16.     Generally, a defendant's plausible allegations regarding the amount in controversy will satisfy the amount in controversy requirement.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (citing 28 U.S.C. 1446(c)(2)(B)).

17.     Plaintiff seeks, among other things, a refund of all monies paid by Plaintiff and the putative class for the Road Hazard Protective Agreements issued through Jack Daniels Audi.  *See, e.g.,* Complaint ¶¶ 10, 13, 15(a), 49, 95, 127, 131 and 140.  Plaintiff alleges that he paid $1,589 for his Road Hazard Protection Agreement.  Complaint ¶ 29.  Plaintiff also seeks to recover the amount he and putative class members paid for repairs that allegedly should have been covered.  Complaint ¶ 10.  Plaintiff alleges that he paid $539.93 for such repairs.

Complaint ¶ 42.

18.     On behalf of himself and the putative class, Plaintiff also seeks to recover treble damages under the CFA, and statutory damages of $100 under TCCWNA. Thus, the amount in controversy for Plaintiff's individual claims alone is at least $6,486.79 ([$1,589 + $539.93] x 3 + $100 = $6,486.79).

19.     If the Court were to assume that Plaintiff's alleged damages are typical of the alleged damages of the more than 1,400 putative class members who purchased Road Hazard Protection Agreements through Jack Daniels Audi since 2015 (as Plaintiff alleges, see Complaint ¶ 148), then the amount in controversy exceeds $9 million (1,400 x $6,486.79).

20.     The actual total dollar amount paid to USWC for Road Hazard Protection Agreements by the more than 1,400 putative class members exceeds $2 million. Garlet Decl. ¶ 4. Even if the Court were to consider only this amount of alleged damages to the putative class, the amount in controversy still exceeds $5 million when those alleged damages are trebled pursuant to the CFA.

21.     Although Plaintiff alleges in paragraph 19 of the Complaint that this Action does not involve more than $5 million in damages for the putative class and there is no basis for removal under CAFA, this allegation does not control. When determining the amount in controversy for CAFA purposes, Plaintiff's contention in this regard does not make "'a critical difference.'" *Alegre v. Atl. Cent. Logistics*, No. 15-cv-2342, 2015 WL 4607196, at *2 (D.N.J. July 31, 2015) (quoting *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013)). Indeed, a plaintiff who files a proposed class action cannot legally bind a proposed class before it is certified. *Alegre*, 2015 WL 4607196 at *2. Thus, this Court must disregard Plaintiff's assertion as to the amount in controversy not reaching the jurisdictional threshold. *See Alegre*

2015 WL 4607196 at *2 (citing *Standard Fire*).

22. Additionally, Plaintiff's allegation regarding the amount of *damages* in controversy ignores that Plaintiff also seeks attorneys' fees. Complaint, Request for Relief, ¶ 3(c). Attorneys' fees are properly included in the amount in controversy if an underlying statute or contract authorizes an award of attorneys' fees, as the CFA and TCCWNA do here. *Frederico*, 507 F.3d at 199 ("We must also consider attorney's fees…. Fees could be as much as thirty percent of the judgment.").

23. Although USWC denies Plaintiff is entitled to any relief, courts in this district have adopted a "reasonableness approach" to fees, utilizing a median attorney's fee award of 30 percent to count toward the amount-in-controversy. *Kendall v. CubeSmart L.P.*, No. 15-cv-6098, 2015 WL 7306679 *5 (D.N.J. Nov. 19, 2015) (collecting cases). Including in the calculation a potential award of attorney's fees of 30% of the alleged damages of the class as described above further makes clear that the amount in controversy well exceeds $5 million mark. And this is before any consideration of Plaintiff's claims for punitive damages, and the value of the injunctive relief Plaintiff seeks.

24. For all the foregoing reasons, the $5,000,000 CAFA amount-in-controversy requirement is satisfied here.

### D. The Exceptions to CAFA Jurisdiction Do Not Apply.

25. CAFA contains two mandatory exceptions and one discretionary exception to federal jurisdiction. *See* 28 U.S.C. §§ 1332(d)(3)–(4). Each exception requires, as a starting point, that all "primary defendants" are citizens of the forum state or that "significant relief" is sought from a citizen of the forum state. *See* 28 U.S.C. § 1332(d)(3)–(4). These exceptions are inapplicable here because USWC is a not a citizen or resident of New Jersey.

26. Accordingly, because the CAFA prerequisites are met and none of the exceptions apply, this civil action is properly removable under CAFA.

## V. TIMELINESS OF REMOVAL

27. USWC was first served with the Summons and Complaint on October 21, 2019, and this Notice of Removal is timely filed with this Court within thirty (30) days of that date.

28. USWC has sought no similar relief with respect to this matter.

## VI. ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

29. Venue is proper in this district under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending.

30. A Notice of Filing of Notice of Removal, with a copy of the Notice of Removal attached, will be filed promptly in the Superior Court of New Jersey, Law Division, Bergen County in accordance with 28 U.S.C. § 1446(d).

31. Counsel for Plaintiff will be served with a copy of this Notice of Removal.

32. For all the foregoing reasons, this Court has original jurisdiction under 28 U.S.C. § 1332, 28 U.S.C. § 1441(a), and 28 U.S.C. § 1453.

33. By filing this Notice of Removal, USWC expressly preserves and does not waive any defenses that may be available to it. Moreover, by demonstrating that the amount in controversy requirement is satisfied, USWC does not concede that the jurisdictional amount is recoverable. Rather, USWC denies that any amount is recoverable by Plaintiff or the putative class.

34. In the event that any questions should arise with regard to the propriety of the removal of this Action, USWC respectfully requests the opportunity to present evidence in support of its position that removal is proper.

**WHEREFORE**, USWC hereby gives notice that all further proceedings in this matter shall take place in the United States District Court for the District of New Jersey, unless and until held otherwise by this Court.

Dated: November 20, 2019                    Respectfully submitted,

                                            /s/ Matthew J. Fedor
                                            **DRINKER BIDDLE & REATH LLP**
                                            Matthew J. Fedor
                                            Robert J. Mancuso
                                            Diego J. Rosado
                                            600 Campus Drive
                                            Florham Park, NJ 07932-1047
                                            *Attorneys for Defendant*
                                            *United States Warranty Corp.*

## CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2

I hereby certify that, to the best of my knowledge, the matter in controversy in the above-captioned action is not the subject of any other action pending in any court or the subject of a pending arbitration proceeding.

Dated: November 20, 2019

                                            /s/ Matthew J. Fedor
                                            Matthew J. Fedor

121244657.2